UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-96-FDW

| | |
|---|---|
| **ROBERT E. BAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **KEITH WHITENER,** | ) |
| Administrator, Alexander | ) |
| Correctional Institution; | ) **ORDER** |
| **RICHARD THOMAS,** | ) |
| Assistant Superintendent, | ) |
| Alexander Correctional Institution; | ) |
| **RICHARD HAMILTON,** Blue | ) |
| Unit Manager, Alexander | ) |
| Correctional Institution; | ) |
| **KIERAN J. SHANAHAN,** | ) |
| Secretary of Corrections, | ) |
| North Carolina Department of | ) |
| Public Safety, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, and his motion to proceed without prepayment of fees or costs. For the reasons that follow, Plaintiff's complaint will be dismissed.[1]

### I.   BACKGROUND

According to the website of the North Carolina Department of Public Safety ("NC DPS"), Plaintiff is a North Carolina inmate confined to the Alexander Correctional Institution following his conviction for being a habitual felon (principal). Plaintiff's projected release date is

---

[1] The Court has examined Plaintiff's motion to proceed without prepayment of fees or costs and his prisoner trust account statement and finds that he does not have sufficient funds to proceed at this time. His motion will therefore be granted. (Doc. No. 2).

1

September 29, 2029.

In his pro se Complaint, Plaintiff alleges that on or about February 8, 2012, he declared a medical emergency to Correctional Officer Parlier, who was supervising inmates in the Blue Unit of the prison. Plaintiff contends medical staff approved his visit for evaluation, but while en route to the medical facility a "code four-disturbance" was announced and all inmates were expected to remain in place until the code was lifted. (Doc. No. 1 at 3-4).

A short while later, the code was lifted and Plaintiff continued on his way to the medical facility and encountered Sergeant Travis who inquired where Plaintiff was headed. Plaintiff explained that he had declared a medical emergency and was on his way for medical treatment. Travis refused Plaintiff's request to continue toward the medical facility and ordered Plaintiff to submit to handcuffs, a request with which Plaintiff complied. Travis then accompanied Plaintiff to segregation where Plaintiff informed Defendants Thomas and Hamilton about his declared medical emergency and that medical staff had authorized Plaintiff to appear in the medical facility for treatment. Defendants Thomas and Hamilton refused to intervene on Plaintiff's behalf and he was later placed in a shower and evaluated by an employee of the medical staff.

Plaintiff was asked three questions by the medical staff that he contends were irrelevant to his present medical condition. After this examination, Plaintiff was taken to a cell upstairs and he settled onto a bunk. For unexplained reasons, Plaintiff then fell out of the bunk and sustained injuries to his mouth and he was taken to Catawba Valley Medical Center and treated.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2). Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.  DISCUSSION

Although Plaintiff does not identify a cause of action by name, it appears that he alleges that one or more defendants have been deliberately indifferent to his serious medical needs by failing to allow him to proceed to the medical facility within Alexander Correctional. Plaintiff names four defendants, two of which had no contact with him on the night he declared a medical emergency: Administrator Keith Whitener and Secretary Kieran Shanahan. Plaintiff identifies Whitener and Shanahan as having supervisory responsibility for conditions in Alexander Correctional and seems to premise his inclusion of them as defendants on the belief that they can be held liable for the actions of their subordinates. (Doc. No. 1 at 2).

On the facts of this case, Defendants Whitener or Shanahan cannot be held liable under a theory of respondeat superior because there is no indication from the complaint that they had any knowledge about Plaintiff's declared medical emergency. See Smith v. Ray, 409 F. App'x 641, 650 (4th Cir. 2011) (unpublished) ("In § 1983 suits, neither municipalities nor supervisors can be held liable under theories of respondeat superior liability.") (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978)).[2] For these reasons, Plaintiff's complaint against Defendants Whitener and Shanahan will be dismissed.

Next, the Court turns to Plaintiff's claim of medical indifference. A claim alleged under § 1983 based on a deliberate indifference to serious medical needs falls within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Carswell v. Bay County, 854 F.2d 454, 456 (11th Cir. 1988)).

Allegations that might be sufficient to support negligence or medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106;

---

[2] There is no supervisor liability in § 1983 actions, subject only to a narrow exception which requires the plaintiff to demonstrate the supervisor had actual or constructive knowledge of the questionable conduct; that the supervisor's response to the conduct was deliberately indifferent; and there was an affirmative link between the supervisor's action or omission and the constitutional injury complained about. See Shaw v. Shroud, 13 F.3d 791, 799 (4th Cir. 1994). As noted, Plaintiff cannot meet these elements.

4

Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd in unpublished table decision by Stokes v. Brown, 535 F.2d 1250 (4th Cir. 1976) (internal citation omitted).

Plaintiff's complaint alleges a claim that one or more defendants failed to respond to his declared medical emergency although Plaintiff's own allegations belie this claim. It is clear that Plaintiff was indeed examined by medical personnel. That Plaintiff was not seen in the medical facility within the prison is of no moment, and will not support a § 1983 claim of medical indifference. The sole allegation against the remaining Defendants Thomas and Hamilton is that they did not react to Plaintiff's demand that he be evaluated in the medical facility within the prison. Instead, Plaintiff was transported to a segregation cell and there was evaluated by medical personnel. Plaintiff's assertion that he was asked three questions during the examination that did not address his declared medical emergency likewise do not support a claim of medical indifference because Plaintiff does not allege that he was prevented from voicing his complaints during this medical examination. That Plaintiff appears to have failed to avail himself of the available medical assistance is solely attributable to Plaintiff's omission in seeking help. Further, Plaintiff was treated at Catawba Valley Medical Center for his medical conditions and released.

5

In sum, Plaintiff's complaint against Defendants Thomas and Hamilton expresses disagreement with the course of his medical treatment and even if medical personnel may have been negligent in the response to Plaintiff's perceived symptoms, this cannot support an actionable § 1983, particularly on these sparse allegations.

Finally, while Plaintiff contends that he exhausted his administrative remedies through the prison's internal grievance process, he has provided no evidence that he has completed any of the three steps required before exhaustion may be found. Rather, Plaintiff states vaguely that he attempted to "solve the problem" in February of an undisclosed year. (Doc. No. 1 at 4). For this reason, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies prior to filing his complaint. See 42 U.S.C. § 1997e(a) (providing that no "action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted).

### IV. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner has failed to state a cognizable claim for deliberate indifference under the Eighth Amendment and his Section 1983 complaint will be dismissed without prejudice for failure to state a claim and failure to exhaust.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint against all defendants is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and failure to exhaust. (Doc. No. 1). 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's motion to proceed without prepayment of fees or costs is **GRANTED**

for purpose of this initial review. (Doc. No. 2).

        The Clerk of Court is directed to close this civil case.

Signed: July 10, 2013

Frank D. Whitney
Chief United States District Judge